KAREN NELSON MOORE, Circuit Judge,
dissenting.
When, shortly a year after he filed a formal complaint against the Murfreesboro Police Department, senior K-9 Officer Trey Mansfield was passed over for a promotion to Sergeant of the K-9 unit in favor of an officer with no previous K-9 unit experience by a department Major who was known to say things like, “I think I’ll fuck with Trey Mansfield today,” what was Mansfield to think? What is a fact-finder to do when faced with evidence that, shortly after Mansfield filed a retaliation claim with the EEOC, an assistant police chief was heard saying, “[a]ll we have to do is come up with a good reason of why we promoted Wood [and not Mansfield]”? The majority seemingly answers both questions with the same response offered by Assistant Chief Roy Fields: “Don’t worry about it.” R. 38-5 (Campbell Dep. at 37) (Page ID #999). Because I disagree with the *240 majority and find unpersuasive its conclusion that “to reverse the district court here and hold that Mansfield has demonstrated a fact question as to pretext here would” impermissibly widen the McDonnell Douglas framework “in a way that the law does not require and that our precedents caution against,” Maj. Op. at 239,1 respectfully dissent.
I.
It is a “fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party.” Tolan v. Cotton, — U.S. -, 134 S.Ct. 1861, 1868, 188 L.Ed.2d 895 (2014). “Summary judgment obviates the need for a trial when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.” Brown v. Chapman, 814 F.3d 447, 464 (6th Cir. 2016) (citing Fed. R. Civ. P. 56(a)). We have previously held that “[a] genuine dispute of material fact exists if ‘there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.’ ” Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In evaluating “whether a genuine dispute of material fact exists, the court must pierce the pleadings and assess the proof as represented' in depositions, answers to interrogatories, admissions, and affidavits that are part of the record.” Id. It is a bedrock principle of any summary-judgment analysis that “the court must view the facts in the light most favorable to the non-moving party.” Id. (citing Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007)).
II.
Because the majority assumes without deciding that Mansfield established a pri-ma facie case of retaliation, the burden shifts to the City to provide a legitimate, nondiscriminatory reason that Mansfield was not promoted. The City argues that Wood’s experience and performance during the job-application process demonstrated that he was a more qualified applicant than Mansfield. Thus, the burden shifts back to Mansfield to establish that the City’s articulated reason for not selecting Mansfield is pretext for discrimination. Pierson v. Quad/Graphics Printing Corp., 749 F.3d 530, 539 (6th Cir. 2014). An employee may demonstrate that an employer’s stated reason for taking an adverse employment action was pretext by showing “that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant’s challenged conduct, or (3) was insufficient to warrant the challenged conduct.” Id. (quoting Wexler v. White’s Fine Furniture, Inc., 317 F.3d 564, 576 (6th Cir. 2003) (en banc)).
On the record before us, the evidence is clear that at some point after Mansfield filed a complaint with the EEOC, Assistant Chief Roy Fields was overheard saying “[a]ll we have to do is come up with a good reason of why we promoted Wood.” R. 38-5 (Campbell Dep. at 37) (Page ID #999) (emphasis added). I believe that this quotation alone creates a factual dispute about whethér the City’s stated reason actually motivated its decision to promote Wood instead of Mansfield because it suggests that the rationale offered by the department may have changed or shifted over time. But we need not look at the facts out of context; Fields’s quotation coupled with “Major Hudgens’s boorish behavior and unprofessional remarks” toward Mansfield and Hudgens’s “major influence over the police department’s day-to-day operation” creates a genuine dispute of material fact regarding the true reasons behind Mansfield not being pro *241 moted. Maj. Op. at 238-39. We have previously held that:
Shifting justifications over time calls the credibility of those justifications into question. By showing that the defendants’ justification for firing him changed over time, [the plaintiff] shows a genuine issue of fact that the defendants’ proffered reason was not only false, but that the falsity was a pretext for discrimination.
Pierson, 749 F.3d at 540 (quoting Cicero v. Borg-Warner Auto., Inc., 280 F.3d 579, 592 (6th Cir. 2002)). Although it is possible that the department chose Wood over Mansfield for perfectly legitimate and legal reasons, the quote about coming up with a reason 'for the decision could lead a reasonable jury to conclude that the department shifted its reasons over time. Because “[s]uch shifting justifications raise an inference that the proffered reasons are false and are pretext for discrimination,” I conclude that summary judgment on the question of pretext is therefore improper. Id. at 541.
III.
Finally, I emphasize the procedural posture of this case. We are reviewing this case on a motion for summary judgment. Our role is not to try the case. The question before us is only whether Mansfield has provided evidence sufficient to create a material factual dispute. Because we must view the facts in the light most favorable to Mansfield, the non-movant, and because we must draw all reasonable inferences in Mansfield’s favor, we should find that summary judgment is improper. Because jurors of reason could disagree about why Wood was promoted and Mansfield was not, summary judgment should not be granted. I would therefore reverse the district court’s order granting summary judgment to the City and remand for further proceedings.